## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CHARLES O. SHEPHARD,

      Plaintiff,

                                Case No. 3:22-cv-5-MMH-LLL

v.

NANCYE WALLS and FLAGLER
COUNTY SHERIFF'S OFFICE,

      Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's document titled "Temporary Restraining Order/Emergency Injunction," filed on January 12, 2022, which the Court construes as a motion for a temporary restraining order or preliminary injunction (Doc. 5; Motion).  In the Motion, Plaintiff requests the entry of: "a temporary restraining order restraining Defendant from entering and procuring all valuables, possessions and property of Plaintiffs in violations of Florida Statue [sic] 83.67 and Florida Statue [sic] 83.59." See Motion at 2.  In addition, Plaintiff seeks "a preliminary injunction enjoining Defendant from entering Plaintiff's residence . . . during the pendency of this action." Id.  Upon review, the Motion is due to be denied.

Generally, a preliminary injunction is an extraordinary and drastic remedy. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998); see also Davidoff & CIE, S.A. v. PLD Int'l Corp., 263 F.3d 1297, 1300 (11th Cir. 2001). Indeed, "[a] preliminary injunction is a powerful exercise of judicial authority in advance of trial." Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1284 (11th Cir. 1990). Thus, in order to grant a request for preliminary injunctive relief, the movant bears the burden to clearly establish the following:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that the threatened injury to the [movant] outweighs the harm an injunction may cause the [opposing party], and (4) that granting the injunction would not disserve the public interest.

Am. Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998); see also Davidoff & CIE, S.A., 263 F.3d at 1300; McDonald's Corp., 147 F.3d at 1306; Ne. Fla., 896 F.2d at 1284-85. The movant, at all times, bears the burden of persuasion as to each of these four requirements. See Ne. Fla., 896 F.2d at 1285. And the failure to establish an element will warrant denial of the request for preliminary injunctive relief and obviate the need to discuss the remaining elements. See Pittman v. Cole, 267 F.3d 1269, 1292 (11th Cir. 2001) (citing Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994)); Del

2

Monte Fresh Produce Co. v. Dole Food Co., 148 F. Supp. 2d 1326, 1339 n.7 (S.D. Fla. 2001).[1]

Upon review, the Court finds that Plaintiff fails to demonstrate a substantial likelihood of success on the merits. Indeed, the Motion does not include any memorandum of law in support of the requested relief, despite the Court's prior Order advising Plaintiff of this requirement. See Order (Doc. 3), entered January 5, 2022; see also Local Rule 6.01(b). Significantly, neither the Amended Complaint (Doc. 4) nor the instant Motion set forth any basis for the exercise of federal jurisdiction over this case and the Court independently can discern none.[2] Absent a showing that the Court may properly exercise jurisdiction over this matter, Plaintiff cannot establish a likelihood of success on the merits. Accordingly, Plaintiff has not met his burden of establishing an entitlement to a temporary restraining order or preliminary injunctive relief

---

[1] "[T]he four criteria for obtaining a preliminary injunction are identical to those for issuance of a temporary restraining order . . . ." See Windsor v. United States, 379 F. App'x 912, 916–17 (11th Cir. 2010).

[2] Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

and the Motion is due to be denied.  See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) ("Controlling precedent is clear that injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion.").[3]  In light of the foregoing, it is

 **ORDERED**:

 Plaintiff's request for a temporary restraining order or preliminary injunction, as set forth in the document titled "Temporary Restraining Order/Emergency Injunction" (Doc. 5) is **DENIED**.

 **DONE AND ORDERED** in Jacksonville, Florida, this 13th day of January, 2022.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Pro Se Plaintiff

---

[3] To the extent Plaintiff asks the Court to enjoin eviction proceedings currently pending in state court, the Court likely lacks jurisdiction to do so.  See Mercer v. Sechan Realty, Inc., 569 F. App'x 652, 653-56 (11th Cir. 2014) ("[W]e conclude that the Anti-Injunction Act precluded the district court from enjoining the state court eviction proceedings . . . ."); CF Lane, LLC v. Stephens, No. 1:14-CV-791-TWT, 2014 WL 1572472, at *2 (N.D. Ga. Apr. 17, 2014) ("Under the Anti-Injunction Act, 28 U.S.C. § 2283, this Court cannot enjoin a state court action for eviction. . . . This prohibition against injunctions applies whether the movant seeks to enjoin the parties to the action or the state court itself." (internal footnote omitted)).